(59 App. Div. 573.)

### SHAW v. CORNELL et al.

(Supreme Court, Appellate Division, First Department. April 4, 1901.)

COLLATERAL SECURITY—LIFE POLICY—ASSIGNMENT—INTEREST OF ASSIGNEES—PREMIUMS—PAYMENT.

> The owner of a life policy assigned it to plaintiff as security for a loan, and subsequently assigned it to defendant's testator as security for a loan of double the amount of plaintiff's loan. The insured lived 25 years thereafter, and all premiums were paid by defendant's testator furnishing plaintiff two-thirds of the amount and plaintiff adding one-third, and paying the company. *Held*, that plaintiff was not entitled to receive payment in full of principal and interest of his loan and premiums paid by him to the exclusion of defendant from participation in the proceeds of the policy, but each party should be repaid the amount of premium paid by him, with interest thereon, and the balance of the proceeds of the policy applied to payment of plaintiff's loan, or divided between the parties in proportion to the amount of premium paid by each.

Appeal from special term, New York county.

Action by D. McLean Shaw against Thomas L. Cornell, as executor of the will of Sidney Cornell, deceased, and others. From a judgment for plaintiff (68 N. Y. Supp. 1054), defendant Cornell appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

L. E. Brown, for appellant.
W. W. Shaw, for respondent.

VAN BRUNT, P. J. On the 18th of July, 1873, one George Davis, being the owner by assignment of a policy of insurance issued by the New York Life Insurance Company upon the life of Sophronia Randall, assigned the said policy to the plaintiff as collateral security for the payment of a note for $600 and interest; and from that time the policy, with the assignment attached, remained continuously in the possession of the plaintiff, until its maturity in 1899. During the years 1873 and 1874 the plaintiff paid the full cash premiums due upon the policy, and from 1875 to 1899 he paid one-third of the amount of each annual premium. In November, 1874, said Davis executed and delivered to one Sidney Cornell, of whom the defendant is executor,

an assignment of said policy to the extent of $1,300, and since that time said Cornell, or his estate, has paid two-thirds of said annual premiums; the said two-thirds having been given to the plaintiff, who added thereto his one-third, and paid the premiums. The decedent lived so long that the premiums paid by the plaintiff, together with the loan and interest thereon, exceeded the amount which became payable upon the death of the party insured, and the court held that the plaintiff was entitled to the payment of $1,865.80 of the amount due upon the policy. This judgment, we think, was erroneous. It appears from the correspondence which was offered in evidence that the keeping of this policy alive was a joint undertaking upon the part of the plaintiff and Cornell. Certainly, the plaintiff, when he wrote the letter of August 16, 1886, telling Cornell: "You better send me check for $500, and take my interest. Think what a sacrifice,"—did not dream that Cornell was paying premiums for the purpose of keeping alive his (plaintiff's) security, because at that time it seems to have been the belief of the parties that by 1890 the policy would fall in; and yet for all the premiums that the plaintiff had paid from 1873 to 1886, and for the principal sum and interest secured by the policy, he is willing to take the sum of $500. The other letters show that the keeping alive of the policy was for their mutual benefit, and that it was not contemplated between these parties that Cornell's payments were to go for the purpose of keeping alive the plaintiff's security. Under these circumstances, what are the equitable rights of the parties in this security? It seems to me that the equitable division of the proceeds of this policy was to give back to each of the parties the premiums which they had paid, with interest, and then to apply the balance, whatever it might be, upon the debt due to the plaintiff, as security for which the policy had been assigned. This is as favorable a view to take of the situation for the plaintiff as the facts admit of. It might very well be claimed that, after the payment of the premiums, the balance of the policy should be divided one-third to the plaintiff and two-thirds to the defendant. There is strong reason to infer that that is the way these parties looked at their interest, because the plaintiff's claim was $600, and Cornell's was $1,300, and the premiums were paid, after 1874, one-third by the plaintiff and two-thirds by the defendant. It is to be observed that at the time Cornell received his assignment of the policy the amount of the plaintiff's debt, the premiums paid by him, and the amount of Cornell's debt exceeded the face of the policy; and long prior to the death of Sophronia Randall, the life insured, the amount of the plaintiff's debt, with interest, and the premiums paid by him, with interest, had nearly exhausted all possible recovery upon the policy; and therefore, if the plaintiff's theory is correct, Cornell kept on paying his two-thirds of the premium upon that policy for the sole purpose of enabling the plaintiff to recover substantially the whole amount when it fell due. This is not only not reasonable, but the necessary interpretation of the correspondence leads to a different conclusion. We think, therefore, that the judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.